CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
LUBBOCK DIVISION

2020 DEC -9  PM 4: 27

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:20-CR-111-H <br> [Supersedes indictment filed 09/09/20] |
| DALE MATTHEW DEMPSEY | |

## SUPERSEDING INDICTMENT

The Grand Jury Charges:

### Purpose of the Scheme and Artifice

1.  Beginning in or about 2019, and continuing thereafter until on or about the date of this superseding indictment, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Dale Matthew Dempsey**, defendant, did knowingly execute, and attempt to execute, a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, namely, Peoples Bank, PlainsCapital Bank, and Prosperity Bancshares, Inc. ("Prosperity Bank"), in violation of 18 U.S.C. § 1344(2).

2.  **Dempsey** used materially false and fraudulent representations to obtain money and property of financial institutions and their customers.

3.  The purpose of **Dempsey's** scheme and artifice was to deprive others of their money and property.

Manner and Means of the Conspiracy and the Scheme and Artifice to Defraud

4. In furtherance of his scheme and artifice to defraud, and for the purpose of executing the scheme and artifice, **Dempsey** would target elderly victims.

5. In furtherance of his scheme and artifice to defraud, and for the purpose of executing the scheme and artifice, **Dempsey** contacted elderly victims posing as a law enforcement officer or as a representative of a financial institution. In order to perpetuate this fraud, **Dempsey** would often "spoof" law enforcement or financial institution telephone numbers to make it appear that he was affiliated with those organizations.

6. In furtherance of his scheme and artifice to defraud, and for the purpose of executing the scheme and artifice, **Dempsey** would tell the victims that their bank account(s) had been compromised by fraudulent activity. **Dempsey** would then obtain debit card and credit card information, bank account numbers, and personal identifying information from the victims.

7. These representations were false because, as **Dempsey** then and there well knew, he was not a law enforcement officer or a representative of any financial institution. These representations were also false, as **Dempsey** then and there well knew, because the victims' accounts had not been compromised by fraudulent activity at the time. These false representations had a natural tendency to influence and were capable of influencing the victims to provide **Dempsey** with the information that he

requested.

8. In furtherance of his scheme and artifice to defraud, and for the purpose of executing the scheme and artifice, **Dempsey** would use the information stolen from the victims to obtain money and property from the victims' accounts and to open accounts and obtain credit cards from other financial institutions using the victims' personal identifying information.

## Count One
## Conspiracy to Commit Bank Fraud
## (Violation of 18 U.S.C. § 1349)

1. The grand jury adopts and realleges the allegations in introductory paragraphs one through eight of this superseding indictment as though fully set forth herein.

2. From in or about November 2019, to on or about the date of this indictment, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Dale Matthew Dempsey**, defendant, did knowingly combine, conspire, confederate, and agree with others known and unknown to the grand jury to execute, and attempt to execute, a scheme and artifice to obtain the money, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

In violation of Title 18, United States Code, Section 1349.

Counts Two-Four
Bank Fraud
(Violation of 18 U.S.C. § 1344(2))

1. The grand jury adopts and realleges the allegations in introductory paragraphs one through eight of this indictment as though fully set forth herein.

2. On or about the dates set forth below, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Dale Matthew Dempsey**, defendant, did knowingly execute, and attempt to execute, a scheme and artifice to obtain the money, funds, credits, assets, securities, and other property owned by, and under the custody and control of the financial institution listed below, the accounts of which were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises:

| Count No. | Date(s) | Account Holder | Financial Institution |
|---|---|---|---|
| 2 | June 17-18, 2020 | P.B. and L.B. | Peoples Bank |
| 3 | July 10-16, 2020 | D.H. and J.H. | Plains Capital Bank |
| 4 | July 27-August 4, 2020 | F.T. and E.T. | Prosperity Bank |

Each count being a violation of Title 18, United States Code, Sections 1344(2) and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

<u>Count Five</u>
Illegal Transactions with an Access Device
(Violation of 18 U.S.C. §§ 1029(a)(5), 1029(c)(1)(A)(ii))

1. The grand jury adopts and realleges the allegations in introductory paragraphs one through eight of this indictment as though fully set forth herein.

2. From on or about June 17, 2020, to on or about June 18, 2020, in the Lubbock Division of the Northern District of Texas, **Dale Matthew Dempsey**, defendant, knowingly and with intent to defraud, effected transactions with access devices, as defined in Title 18, United States Code, Section 1029(e)(1), issued to other persons, that is, P.B. and L.B., to receive payment and a thing of value from on or about November 10, 2019, and ending on or about the date of this indictment, of a value of approximately $1,430, said conduct affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

<u>Count Six</u>
Aggravated Identity Theft
(Violation of 18 U.S.C. § 1028A)

1.    The grand jury adopts and realleges the allegations in introductory paragraphs one through eight of this indictment as though fully set forth herein.

2.    From on or about June 17, 2020, to on or about June 18, 2020, in the Lubbock Division of the Northern District of Texas, **Dale Matthew Dempsey**, defendant, did knowingly possess and use, without lawful authority, a means of identification of another person, that is, P.B., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, Illegal Transactions with an Access Device, as alleged in Count Five of this indictment, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Sections 1028A and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Seven
## Illegal Transactions with an Access Device
### (Violation of 18 U.S.C. §§ 1029(a)(5), 1029(c)(1)(A)(ii))

1. The grand jury adopts and realleges the allegations in introductory paragraphs one through eight of this indictment as though fully set forth herein.

2. From on or about July 10, 2020, to on or about July 16, 2020, in the Lubbock Division of the Northern District of Texas, **Dale Matthew Dempsey**, defendant, knowingly and with intent to defraud, effected transactions with an access device, as defined in Title 18, United States Code, Section 1029(e)(1), issued to other persons, that is, D.H. and J.H., to receive payment and a thing of value from on or about November 10, 2019, and ending on or about the date of this indictment, of a value of approximately $33,524.72, said conduct affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Eight
### Aggravated Identity Theft
### (Violation of 18 U.S.C. § 1028A)

1. The grand jury adopts and realleges the allegations in introductory paragraphs one through eight of this indictment as though fully set forth herein.

2. From on or about July 10, 2020, to on or about July 16, 2020, in the Lubbock Division of the Northern District of Texas, **Dale Matthew Dempsey**, defendant, did knowingly possess and use, without lawful authority, a means of identification of another person, that is, D.H., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, Illegal Transactions with an Access Device, as alleged in Count Seven of this indictment, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Sections 1028A and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Nine
### Illegal Transactions with an Access Device
(Violation of 18 U.S.C. §§ 1029(a)(5), 1029(c)(1)(A)(ii))

1. The grand jury adopts and realleges the allegations in introductory paragraphs one through eight of this indictment as though fully set forth herein.

2. From on or about July 27, 2020, to on or about August 4, 2020, in the Lubbock Division of the Northern District of Texas, **Dale Matthew Dempsey**, defendant, knowingly and with intent to defraud, effected transactions with an access device, as defined in Title 18, United States Code, Section 1029(e)(1), issued to other persons, that is, F.T. and E.T., to receive payment and a thing of value from on or about November 10, 2019, and ending on or about the date of this indictment, of a value of approximately $41,645.00, said conduct affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

**Dale Matthew Dempsey**
**Superseding Indictment - Page 10**

<u>Count Ten</u>
Aggravated Identity Theft
(Violation of 18 U.S.C. § 1028A)

1. The grand jury adopts and realleges the allegations in introductory paragraphs one through eight of this indictment as though fully set forth herein.

2. From on or about July 27, 2020, to on or about August 4, 2020, in the Lubbock Division of the Northern District of Texas, **Dale Matthew Dempsey**, defendant, did knowingly possess and use, without lawful authority, a means of identification of another person, that is, F.T. and E.T., during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, Illegal Transactions with an Access Device, as alleged in Count Nine of this indictment, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Sections 1028A and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946)

## Counts Eleven-Sixteen
Uttering and Possessing Forged or Counterfeited Securities of an Organization
(Violation of 18 U.S.C. § 513(a))

On or about the dates set forth below, in the Lubbock Division of the Northern District of Texas, **Dale Matthew Dempsey**, defendant, aided and abetted by others known and unknown to the grand jury, did knowingly utter and possess forged and counterfeited securities of an organization, as that term is defined in Title 18, United States Code, Section 513(c)(4), with the intent to deceive another person and organization:

| Count No. | Date of Offense | Description of Security | Name of Organization |
|---|---|---|---|
| 11 | 10/08/19 | Check #3894 on the account of Park Tower Apartments in the amount of $3,800.00 | Bank of America |
| 12 | 10/09/19 | Check #3969 on the account of Park Tower Apartments in the amount of $3,805.00 | Bank of America |
| 13 | 10/09/19 | Check #3973 on the account of Park Tower Apartments in the amount of $2,700.00 | Bank of America |
| 14 | 10/10/19 | Check #4012 on the account of Park Tower Apartments in the amount of $3,701.90 | Bank of America |
| 15 | 10/13/19 | Check #4042 on the account of Park Tower Apartments in the amount of $3,760.12 | Bank of America |
| 16 | 12/27/19 | Check #181080 on the account of Sheraton Suites in the amount of $418.00 | Wells Fargo |

Each count being a violation of Title 18, United States Code, Sections 513(a) and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

A TRUE BILL:

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806-472-7559
Facsimile:   806-472-7394
E-mail:      jeffrey.haag@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.

DALE MATTHEW DEMPSEY

SUPERSEDING INDICTMENT

| | |
|---|---|
| COUNT 1: | CONSPIRACY TO COMMIT BANK FRAUD<br>Title 18, United States Code, Section 1349. |
| COUNTS 2-4: | BANK FRAUD<br>Title 18, United States Code, Section 1344(2). |
| COUNTS 5, 7, 9: | ILLEGAL TRANSACTIONS WITH AN ACCESS DEVICE<br>Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii). |
| COUNTS 6, 8, 10: | AGGRAVATED IDENTITY THEFT<br>Title 18, United States Code, Section 1028A. |
| COUNTS 11-16: | UTTERING AND POSSESSING FORGED OR COUNTERFEITED SECURITIES OF AN ORGANIZATION<br>Title 18, United States Code, Section 513(a). |

(16 COUNTS)

A true bill rendered:
Lubbock                                                     _____ Foreperson

Filed in open court this ___9th___ day of __December__, A.D. 2020.

_____ Clerk

ARREST WARRANT TO ISSUE

_____
UNITED STATES MAGISTRATE JUDGE